James v. Hamilton.

---

## JAMES v. HAMILTON.

*Sale — of corporate stock — what is — Tender.*

Defendant gave plaintiff his note for the purchase price of some railroad stock, plaintiff giving back a bill of sale, in which it was recited that the stock had been transferred to defendant but that plaintiff was to hold the same for the payment of the note, and that plaintiff would deliver the stock, specifying the particular certificates, upon such payment. In an action on the note, *held*, that the transaction was a sale and not an executory agreement, and plaintiff was not bound to tender the stock or make any formal transfer thereof on the books of the railroad company until payment or tender thereof by defendant.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the verdict of a jury.

The action was brought in Kings county by Lewis W. James against Henry Hamilton, upon a promissory note for $4,750. The note was given by defendant to plaintiff in payment of certain shares of railroad stock sold by plaintiff to defendant. At the time the note was given plaintiff gave back to defendant the following writing:

" WILLIAMSBURGH, *Nov.* 1, 1870.

"I do hereby agree to deliver to Henry Hamilton, of Brooklyn, E. D., five hundred shares, as follows:

" Certificate No. 160 for 100 shares,
"          "     197  "  100     "
"          "     149  "  100     "
"          "     159  "  200     "

of the Grand Street and Newtown R. R. Company, of Brooklyn, E. D., upon the payment of a certain note of the said H. Hamilton, dated November 1st, for four thousand, seven hundred and fifty dollars ($4,750), the said stock having been this day transferred to the said Hamilton, and to be held by me for the payment of said note.                    LEWIS W. JAMES."

The note not being paid at maturity, this action was brought. The answer alleged and it appeared on the trial that the stock had not been transferred on the transfer books of the railroad company to defendant, and the answer also alleged that no tender of the certificates of stock had ever been made to defendant, and defendant offered to show this fact at the trial, but upon plaintiff's objection was not allowed to do so. The answer also alleged that defendant had been always ready and willing to accept such certificates of stock, etc.

*Dailey & Perry,* for appellant, cited *Kelley* v. *Upton,* 5 Duer. 336; *Tipton* v. *Feitner,* 20 N. Y., 423; *Parker* v. *Parmele,* 20 Johns. 130; *Johnson* v. *Wygant,* 11 Wend. 48; *Williams* v. *Healey,* 3 Den. 363; *Sherman* v. *White,* 1 How. (Ct. Ap. Cas.) 29.

*Briton, Ely & Snell,* for respondent.

TALCOTT, J. This was an action upon a note given on the sale of stock of the Grand street and Newtown Railroad Company. At the

time of the making of the note, the plaintiff delivered to the defendant a bill of sale of the stock, reciting that the stock had been that day transferred to the defendant, but that the plaintiff was to hold the same for the payment of the note, and containing an agreement on the part of the plaintiff to deliver the stock, specifying the particular certificates, upon the payment of the note.

The defendant seeks to treat this as an executory agreement for the sale of the stock, and objects that the plaintiff has never made an actual tender of the certificates, or caused the same to be transferred to the defendant on the books of the railroad company. We think this is not the true interpretation of the papers; but that they import a present and executed sale of the stock with the agreement that the plaintiff should hold the same as collateral to the note and that it was unnecessary for the plaintiff to make any tender of the stock or any formal transfer thereof on the books of the railroad company until the defendant should have paid the note, or at least until he should tender the amount due thereby. No fraud or misrepresentation as to the title to the stock is claimed in the answer, but only that the stock has not been in fact transferred or tendered to the defendant.

These views seem to answer all the objections and exceptions presented by the defendant, who, in case the plaintiff's title to the stock should fail, will have his action to recover the value of it when he shall have paid his note.

The judgment is affirmed.

*Judgment affirmed.*